# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JANICE M. HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04CV00081 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

In this social security case, I remand the case to the Commissioner for further consideration.

## *I. Background.*

Janice M. Harris filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for supplemental security income ("SSI") and disability insurance benefits ("DIB") under titles XVI and II of the Social Security Act, 42 U.S.C.A. §§ 401-433, 1381-1383f (West 2003 & Supp. 2005) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Harris applied for benefits on September 23, 2002, alleging disability since September 21, 2002, and received a hearing before an administrative law judge ("ALJ") on January 8, 2004. By decision dated April 22, 2004, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Harris was fifty-five years old at the time of her hearing, and has a college degree in medical technology, and past relevant work experience as a medical technologist. She was injured in a motor vehicle accident in November 2001,

sustaining multiple injuries including an ankle sprain, soft tissue wounds, and fractured hip, ribs, and facial bones. Following the car accident, Harris asserted that she had ongoing problems with her nerves and memory, as well as crying spells. She returned to work in February 2002 and continued to work until September 21, 2002, when she retired from Princeton Community Hospital. The plaintiff has not engaged in substantial gainful employment since September 21, 2002, the alleged onset date of disability.

In determining whether Harris is eligible for benefits, the ALJ reviewed medical records from Carilion Roanoke Memorial Hospital; Roanoke Orthopaedic Center; Bluefield Regional Medical Center; Edward Hunter, M.D.; Pablo M. Carpio, M.D.; L. Andrew Steward, Ph.D.; and state agency physicians.

Based upon the evidence, the ALJ determined that the plaintiff has severe physical impairments, but no limitations due to a mental impairment. The ALJ further determined that the plaintiff is able to perform her past relevant work.

*III. Analysis.*

The plaintiff contends that there is not substantial evidence to support the ALJ's findings. Specifically, she argues that the ALJ erred by misstating Dr. Carpio's

findings, and by failing to explain his reasons for discounting the psychological testing conducted by Dr. Steward.

A

First, the plaintiff contends that the ALJ erred by misstating Dr. Carpio's findings. On three medical evaluations Dr. Carpio checked that the plaintiff could not "place light items (less than 5 lbs.) on shelves higher than . . . her head." (R. at 161, 163, & 165.) However, in evaluating this evidence, the ALJ stated that the plaintiff *can* place light items (less than 5 lbs.) on shelves higher than her head. (R. at 17 (citing Ex. 10F).) The plaintiff argues that this mistake should invalidate the ALJ's finding that the plaintiff has the residual functional capacity "to lift and carry 10 pounds frequently and 20 pounds occasionally." (R. at 22.) While the plaintiff's argument may have prevailed had there been no other evidence, the ALJ's mistake is not dispositive in light of the entire record. In addition to the other medical records the ALJ relied on, the plaintiff herself testified that she could lift ten pounds. (R. at 248.) Therefore, as to this issue, the ALJ's mistake was inconsequential because there was other evidence for him to rely on.

B

Next, the plaintiff argues that the ALJ erred by failing to explain his reasons for discounting various psychological tests, "specifically the BAI, BDI-II and MMPI-

-4-

2 tests conducted by Dr. Steward and explained in detail in his evaluation." (Pl.'s Br. at 9.) For the following reasons, I agree.

Before a court may find that an ALJ's decision is or is not supported by substantial evidence, the ALJ's decision must analyze all the relevant evidence and sufficiently explain his findings and rationale. *See Sterling Smokeless Coal Co. v. Akers,* 131 F.3d 438, 439 (4th Cir. 1997); *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977). The court faces a difficult task in applying the substantial evidence test when the ALJ's opinion does not show that the ALJ properly considered all of the relevant evidence. *See Arnold*, 567 F.2d at 259. In fact, the Fourth Circuit has held that a reviewing court essentially abdicates its duty to scrutinize the record as a whole to determine whether the conclusions reached are rational if it affirms an opinion in which the ALJ has not properly analyzed all the evidence and sufficiently explained the weight given to it. *See id.* (citing *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974)).

In this case, the ALJ determined that the plaintiff "has no limitations due to a mental impairment." (R. at 22.) However, in a psychological evaluation dated November 21, 2003, Dr. Steward concluded that the plaintiff suffered from several mental impairments, including severe anxiety and depression. (R. at 214.) In addition to "behavioral reports" and "mental status observations," Dr. Steward stated

Case 1:04-cv-00081-JPJ-PMS   Document 15   Filed 07/18/05   Page 5 of 7   Pageid#: 45

that the plaintiff's anxiety and depression "were confirmed by . . . BAI, BDI-II, and MMPI-2 test[s]." (*Id.*)  Although the ALJ stated that he considered Dr. Stewards's report, he gave it "very little weight" because it "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported." (R. at 19.)  While it may be true that Dr. Steward relied on subjective symptoms, he also clearly relied on psychological tests in reaching his conclusion, which the ALJ failed to even mention in his opinion.[1]

It is true that an ALJ does not have to discuss every piece of evidence submitted, *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993), and the failure to explicitly refer to particular evidence does not mean that the ALJ did not consider that evidence.  *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).  However, in this case, the ALJ's decision to disregard the opinion of Dr. Steward because of its subjectivity, without reconciling the results of the "BAI, BDI-II, and MMPI-2 test[s]," shows "specious inconsistencies." *See Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992).  Without a clearer explanation of the ALJ's rationale,"it is simply impossible to tell whether there was substantial evidence to support the determination." *Cook*

---

[1] The ALJ did mention that Dr. Steward performed the Wechsler Adult Intelligence Scale–Third Edition, and that the plaintiff fell within the average range on that test.

*v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986.) Therefore, because the ALJ did not discuss Dr. Steward's psychological tests, or adequately explain his reasons for discounting them, this case must be remanded for further consideration.

*IV. Conclusion.*

For the foregoing reasons, the case will be remanded to the Commissioner. A separate judgment consistent with this Opinion is being entered herewith.

DATED: July 18, 2005

/s/ JAMES P. JONES
Chief United States District Judge